**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 2:19-cv-00227-JES-MRM**

Stacey Banks, individually and
on behalf of all others similarly situated,　　　　　**CLASS ACTION**

　　　　　Plaintiff,　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

v.

Fuccillo Affiliates of Florida,
Inc., a Florida Corporation,

　　　　　Defendant.

_____/

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into between and among the following parties, by and through their respective counsel: Plaintiff Stacey Banks ("Plaintiff" or "Class Representative"), on behalf of herself and the Settlement Class, and Defendant Fuccillo Affiliates of Florida, Inc., ("Defendant" or "Fuccillo"). Plaintiff and Defendant will sometimes be referred to together as the "Parties," or, individually, as a "Party."

WHEREAS, on April 10, 2019, Plaintiff filed a Class Action Complaint (the "Complaint") on behalf of herself and a putative class in the lawsuit styled *Banks v. Fuccillo Affiliates of Florida, Inc.,* Case No. 2:19-cv-00227-JES-MRM (M.D. Fla. 2019) (the "Action"), which asserted claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") against Defendant Fuccillo, including that she and members of the class received prerecorded messages using "ringless" voicemail technology from or on behalf of Fuccillo, which allegedly harmed her and the class (the "Allegations") and sought declaratory and injunctive relief, statutory damages, attorneys' fees, and costs;

WHEREAS, on October 7, 2019, with the assistance of mediator Steven R. Jaffe of Upchurch Watson White & Max Mediation Group, counsel for the Parties met in Miami, Florida and engaged in intensive mediation and arm's length negotiations in an attempt to resolve Plaintiff's Allegations with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice;

WHEREAS, the Parties' ultimately reached an agreement in principle to resolve the Action;

WHEREAS, based on their investigation of the Allegations and the experience of Class Counsel, Plaintiff and Class Counsel have concluded that the terms and conditions  of  this

Agreement are fair, reasonable, and adequate to, and in the best interest of, the Settlement Class;

WHEREAS, Plaintiff, on behalf of herself and as the representative of the Settlement Class, and Defendant desire to resolve the dispute between them;

WHEREAS, Plaintiff, on behalf of herself and as the representative of the Settlement Class, and Defendant will execute this Agreement solely to compromise and settle protracted, complicated, and expensive litigation; and

WHEREAS, Defendant denies any and all liability or wrongdoing to the Class Representative and to the Settlement Class. Nonetheless, Defendant has concluded that further litigation would be protracted and expensive, has taken into account the uncertainty and risks inherent in this Action, and has determined that it is desirable that the Action and the Allegations be fully, completely, and finally settled in the manner and on the terms set forth herein.

NOW, THEREFORE, in exchange for the mutual covenants and promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties and their counsel agree that the Action shall be settled, compromised, and/or dismissed on the merits and with prejudice on the terms and conditions in this Agreement, and without costs (except as provided here in), subject to Court approval of this Agreement after a hearing and on finding that it is a fair, reasonable, and adequate settlement.

## I.   **DEFINITIONS**

In addition to the terms defined above and at other places in this Agreement, the following defined terms have the meaning set forth below:

A.   "Administrator" means Kurtzman Carson Consultants LLC ("KCC") which, subject to Court approval, shall be responsible for administrative tasks, which may include, without limitation: (a) arranging for distribution of the Class Notice and Claim Form to Settlement Class Members; (b) making any mailings to Settlement Class Members required under this

Agreement; (c) forwarding written inquiries from Settlement Class Members to Class Counsel or their designee; (d) establishing the Settlement Website; (e) receiving and processing Settlement Claims Forms and distributing payments to Settlement Class Members; and (f) otherwise assisting with implementing and administrating this Agreement, subject in all cases to approval by Class Counsel and Counsel for Defendant. Class Counsel and Counsel for Defendant may, by agreement, substitute a different entity as Administrator, subject to approval by the Court if the Court has previously approved the Settlement preliminarily or finally. In the absence of agreement, either Class Counsel or Defendant may move the Court to substitute a different entity as Administrator on a showing of good cause.

B.     "Agreement" means this Settlement Agreement and Release and all attachments and exhibits hereto.

C.     "Approved Claim" means a Claim Form submitted by a Settlement Class Member to the Administrator that: (i) is received by the Administrator or postmarked on or before the Claim Deadline; (ii) is fully and truthfully completed by a Settlement Class Member with all information requested in the Claim Form, and in accordance with the instructions set forth on the Claim Form; (iii) is signed by the Settlement Class Member; (iv) contains a telephone number that is confirmed to be part of the Settlement Class Data as a number that received a prerecorded message from Defendant; and (iv) is approved by the Administrator pursuant to the provisions of this Agreement as a valid claim eligible to receive payment from the Settlement Fund under the Agreement and the Final Approval Order.

D.     "Attorneys' Fees and Expenses" means the total recovery awarded by the Court to Class Counsel to compensate them (and all other attorneys for Plaintiff or the Settlement Class) for all attorneys' fees, costs, and adequately supported expenses of any kind (including, but not

limited to, mediation fees, travel, filing fees, court reporter, and videographer expenses, expert fees and costs, and document review and production costs) incurred by Plaintiff or Class Counsel in connection with the Action.

E.      "Claim" means a written request for a Claim Settlement Payment submitted by a Settlement Class Member to the Administrator.

F.      "Claim Deadline" means the last date by which a Claim submitted to the Administrator by a Settlement Class Member for a Claim Settlement Payment must be postmarked, which shall occur no later than fifteen (15) days after the Final Approval Hearing. All Claims postmarked on or before the Claim Deadline shall be timely, and all Claims postmarked after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Payment.

G.      "Claim Form" means the form attached as **Exhibit 1** to this Agreement and/or as ultimately approved by the Court.

H.      "Claim Period" means the period of time during which Claims may be submitted to the Administrator and shall begin on the date Class Notice is sent and end on the Claim Deadline. In no event shall the Claim Period exceed ninety (90) days.

I.      "Claim Settlement Check" means the check containing the Claim Settlement Payment for each Settlement Class Member who submits an Approved Claim.

J.      "Claim Settlement Payment" means the payment to be made to Settlement Class Members who submit Approved Claims which shall be $180 less Notice and Administrative costs, Attorney's Fees and Costs, and Incentive Award.

K.      "Class Counsel" means: (a) Scott A. Edelsberg, Edelsberg Law, PA, 20900 N.E. 30th Avenue, #417 Aventura, Florida 33180; (b) Andrew J. Shamis, Esq., Shamis & Gentile, P.A., 14 NE 1st Ave, Suite 1205, Miami, Florida 33132; (c) Manuel S. Hiraldo, Esq., Hiraldo, P.A., 401

E. Las Olas Boulevard, Suite 1400, Ft. Lauderdale, Florida 33301; (d) Michael Eisenband, Esq.,

Eisenband Law, P.A., 515 E. Las Olas Boulevard, Suite 120, Ft. Lauderdale, Florida 33301; and

(e) Ignacio J. Hiraldo, Esq., IJH Law, 14 NE First Ave. 10th Floor, Miami, FL 33132.

L.      "Class Notice" means the program of notice described in this Agreement to be

provided to Settlement Class Members, which will notify Settlement Class Members about the

details of the Settlement.

M.      "Class Period" means the time period from April 10, 2015 through the date of

preliminary approval.

N.      "Confidential Information" means proprietary or commercially sensitive

information or personal information subject to state and federal privacy laws that the Parties agree

to protect in this Agreement from disclosure and dissemination to the public or any third-party or

entity other than the Administrator.

O.      "Counsel for Defendant" means: (a) Nichole M. Mooney, Esq., Dean, Mead,

Egerton, Bloodworth, Capouano & Bozarth, P.A. Post Office Box 2346, Orlando, Florida 32802-

2346; (b) Arthur J. Liederman, Esq., Morrison Mahoney LLP, 120 Broadway, Suite 1130, New

York, NY 10271; and (c) Alan E. Brown, Esq., Morrison Mahoney LLP, 250 Summer Street,

Boston, MA 02210.

P.      "Court" means the U.S. District Court for the Middle District of Florida.

Q.      "Days" means calendar days, except that, when computing any period of time under

this Agreement, the day of the act, event, or default from which the designated period of time

begins to run shall not be included. Further, when computing any period of time under this

Agreement, the last day of the period so computed shall be included, unless it is a Saturday,

Sunday, or legal holiday, in which event the period runs until the end of the next day that is not a

Saturday, Sunday, or legal holiday.

R.    "Effective Date" means the fifth day after which the Final Approval Order becomes Final.

S.    "Final Approval Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy, and reasonableness of this Agreement and associated settlement in accordance with class action procedures and requirements; and (ii) entering the Final Approval Order.

T.    "Final" or "Finally Approved" or "Final Approval" of this Agreement means the later of the date that (i) the time has run for any appeals from the Final Approval Order or (ii) any such appeals have been dismissed or resolved in favor of approving, or affirming the approval of, this Agreement. To the extent there are no objections to the settlement and therefore no individual has standing to appeal the Final Approval Order, the Final Approval Order becomes "Final" five (5) days after the Court issues the Final Approval Order.

U.    "Final Approval Order" means the order and judgment to be entered by the Court, substantially in the form, and without material change to, the order attached hereto as **Exhibit 2**, approving this Agreement as fair, adequate, and reasonable and in the best interests of the Settlement Class as a whole in accordance with the Federal Rules of Civil Procedure, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, including granting Final Approval to the Settlement and ruling on Class Counsel's application for attorneys' fees and expenses and the Incentive Award for the Class Representative. If the Court enters separate orders addressing the matters constituting the matters set forth in this paragraph, then the Final Approval Order includes all such orders.

V.    "Long-Form Notice" means the notice that is made available on the Settlement

Website and upon request from the Administrator, in substantially the form attached as **Exhibit 3** to this Agreement.

W.      "Mail Notice" means the double-sided postcard individual notice, which includes a claim form with prepaid postage, sent by first class mail by the Administrator to Settlement Class Members, in substantially the form attached as **Exhibit 4** to this Agreement.

X.      "Notice and Administrative Costs" means the reasonable costs and expenses approved by Class Counsel and Counsel for Defendant of disseminating the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Administrator in administering the Settlement, including, but not limited to, costs and expenses associated with determining mailing addresses for Settlement Class Members, assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Payments.

Y.      "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement to be able to object to the Settlement. The Objection Deadline shall be no later than thirty (30) days before the Final Approval Hearing.

Z.      "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with Class Counsel (or the Administrator) for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall no later than thirty (30) days before the Final Approval Hearing.

AA.     "Preliminary Approval Order" means an order to be entered by the Court certifying the Settlement Class and granting preliminary approval to the Settlement, substantially in the form attached hereto as **Exhibit 5**, without material change.

BB.    "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been asserted in the Action, or that relate to or arise from the Allegations, including, but not limited to, any claims or causes of action relating to any communications and/or telephone calls or text messages received from or initiated by Defendant or the Released Parties.  This shall include, but not be limited to, any claimed violation(s) of the TCPA, or any federal, state, and/or common laws governing the use of an automatic telephone dialing system and/or calls or texts to cellular phones, and the tort of Invasion of Privacy by Intrusion Upon Seclusion, known or unknown, through the date of preliminary approval.

CC.    "Released Parties" means the following: Defendant and each of its affiliates, agents, past or present owners, direct or indirect owners, successors, parents, subsidiaries, predecessors, investors, directors, officers, employees, partners, managers, members, principals, co-venturers, joint ventures, divisions, assigns, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and lenders, as well as each of those entities' or persons' affiliates, agents, past or present owners, direct or indirect owners, successors, parents, subsidiaries, predecessors, investors, directors, officers, employees, partners, managers, members,

principals, co-venturers, joint ventures, divisions, assigns, underwriters, insurers, co-insurers, re-insurers, indemnitors, shareholders, attorneys, accountants or auditors, banks or investment banks, associates, personal or legal representatives, consultants, vendors, contractors, volunteers, performers, co-marketers, licensors, concessionaires, franchisors, and lenders.

DD.     "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class.

EE.     "Incentive Award" means any approved payment to the Class Representative.

FF.     "Settlement" means the settlement set forth in this Agreement.

GG.     "Settlement Class" means all members of the class of persons in this Action that will be certified by the Court for settlement purposes as follows:

> **All individuals within the United States (i) who were sent a prerecorded message (ii) by or on behalf of Defendant (iii) using "ringless" voicemail technology (iv) during the four years prior to the filing of the Complaint through the date of preliminary approval.**

The Settlement Class excludes the following: (1) Defendant; (2) its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest; (3) all customers who make timely election to be excluded; and (4) all judges assigned to this litigation and their immediate family members.

HH.     "Settlement Class Claimant" means any Settlement Class Member who submits a Claim in accordance with this Agreement.

II.     "Settlement Class Data" means data relating to approximately 10,357 persons who, according to Defendant's records, may be Settlement Class Members. The Settlement Class Data shall be treated as Confidential Information.

JJ.     "Settlement Class Member(s)" means any member of the Settlement Class.

KK.    "Settlement Class Payment List" means the list of all Settlement Class Members who filed a Claim; whether the Claim was rejected or accepted, and, if rejected, the reason it was rejected; the address to which the Claim Settlement Check shall be sent; and the total amount of Claim Settlement Payments to be made.

LL.    "Settlement Fund" means the total maximum amount that Defendant has agreed to make available—which shall not exceed One Million Eight Hundred Sixty Four Thousand and Two Hundred and Sixty Dollars and Zero Cents $1,864,260—to cover the Claim Settlement Payments, all Attorneys' Fees and Expenses, all Notice and Administrative Costs, and any Incentive Award in settlement in full of this Action.  Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund and will not relinquish control of any money except as detailed herein.  Any part of the Settlement Fund that is not used to cover the Claim Settlement Payments, Attorneys' Fees and Expenses, Notice and Administrative Costs, and any Incentive Award shall remain the property of Defendant. In no event shall Defendant be required to pay in excess of the Settlement Fund.  The Settlement Fund and structure of this Settlement are material terms.

MM.    "Settlement Website" means the www.BanksTCPAsettlement.com, the website prepared by the Administrator in connection with the process of providing Class Notice to Settlement Class Members.

## II.  SETTLEMENT TERMS

### A.    Certification of Settlement Class and Conditional Nature of Agreement

For settlement purposes only, Defendant conditionally agrees not to oppose certification of the Settlement Class. Defendant's conditional agreement is contingent on (i) the Parties' execution of this Agreement, (ii) the Court's entry of the Final Approval Order, and (iii) the Final Approval

Order becoming Final. Except as provided below, if this Agreement, for any reason, does not receive Final Approval, if the Final Approval Order does not become Final, or if the Agreement is otherwise terminated, it shall be null and void, it shall be of no force or effect whatsoever, it shall not be referred to or used for any purpose whatsoever, and the negotiation, terms, and entry of the Agreement shall remain inadmissible under the Federal Rules of Civil Procedure, Federal Rule of Evidence 408, and any applicable state law or rule of civil procedure or evidence.

Defendant denies all claims, liability, damages, losses, penalties, interest, fees, restitution, and all other forms of relief that were or could have been sought in the Action, as well as all class action allegations asserted in the Action. Defendant has agreed to resolve this Action through this Agreement, but if this Agreement is terminated, deemed void, or Final Approval does not occur or the Final Approval Order does not become Final, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action on all procedural, evidentiary, and factual grounds, including, without limitation, the ability to challenge on any grounds whether any class can be certified and to assert any and all defenses or privileges including but not limited to any defense based on lack of personal or subject matter jurisdiction. The Released Parties do not waive, and Plaintiff will not argue that they have waived, any personal jurisdiction or subject matter jurisdiction defenses by negotiating or entering into this Agreement. The Class Representative and Class Counsel agree that Defendant retains and reserves all of these rights and agree not to take a position to the contrary.

### B.    Settlement Class Relief

#### 1.    Claim Settlement Payments to Settlement Class

In consideration for the Releases set forth in this Agreement, Defendant shall provide the following relief:

Defendant will make available up to $1,864,260 for the Settlement Fund. Each Settlement Class Member who submits an Approved Claim shall receive a Claim Settlement Payment from the Settlement Fund.  Within sixty (60) days of the Final Approval Order becoming Final, the Administrator will send, by first-class mail, a Claim Settlement Check to each Settlement Class Member with an Approved Claim. Checks will be valid for one hundred and eighty (180) days from the date on the check. Any undistributed funds will remain with Defendant.

Except as provided in this Section and any Incentive Award that the Court awards to Plaintiff, Defendant shall have no obligation to make any other or further payments to Plaintiff or to any Settlement Class Member.

### C.      Incentive Award and Attorneys' Fees and Expenses

#### 1.      Incentive Award

Class Counsel will request, and Defendant will not oppose, an Incentive Award not to exceed Five Thousand Dollars and Zero Cents ($5,000.00), to be paid by Defendant to Plaintiff from the Settlement Fund. If the Court awards the Incentive Award, then Plaintiff will provide to Defendant a completed W-9 form within fifteen (15) days after the Effective Date, and Defendant will deliver to Class Counsel a check made payable to Plaintiff within twenty-one (21) days after receipt of the W-9.

#### 2.      Attorneys' Fees and Expenses

Class Counsel will request, and Defendant will not oppose, an award of Attorneys' Fees and Expenses not to exceed 24% of the Settlement Fund, to be paid by Defendant from the Settlement Fund. Class Counsel shall be responsible for allocating and shall allocate among Class Counsel any Attorneys' Fees and Expenses, and Defendant shall have no responsibility, role, or liability in connection with such allocation. All Attorneys' Fees and Expenses awarded by the Court shall be paid by Defendant from the Settlement Fund within 21 days of the Effective Date.

III.     **CLAIMS ADMINISTRATION**

    A.     **Administrator**

The Parties have agreed on KCC as the Administrator. The Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Administrator shall be responsible for, among other things and if and as necessary, the implementation and effectuation of Class Notice, processing Claim Forms, receiving and maintaining on behalf of the Court any correspondence regarding Requests for Exclusion and/or objections to the Settlement, administering Claim Settlement Payments, and providing all other related support, reporting, and administration as further stated in this Agreement. The Parties may direct the Administrator to assist with various additional administrative tasks in implementing the Settlement as the Parties agree is appropriate.

Defendant shall not be obligated to compute, estimate, or pay any taxes on behalf of the Class Representative, any Settlement Class Claimant, Class Counsel, and/or the Administrator. The Administrator shall collect tax information from the Class Representative, any Settlement Class Claimant and/or Class Counsel as necessary or required by law.  The Class Administrator will also collect and provide to Defendant any and all necessary tax documentation concerning any of the payments required herein.

The Parties will coordinate with the Administrator to provide Mail Notice to the Settlement Class, as provided in this Agreement. The Administrator shall administer the Settlement in accordance with the terms of this Agreement and shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as Confidential Information except as provided for in this Agreement or by court order.

All Notice and Administrative Costs shall be paid by Defendant from the Settlement Fund.

The Administrator will invoice Defendant directly for start-up and initial Class Notice costs at any time after entry of the Preliminary Approval Order and will bill Defendant monthly for incurred fees and expenses thereafter. The Administrator shall provide up-to-date cost estimates, and future cost estimates, upon request by Defendant.  The Administrator shall provide other information as reasonably requested by Defendant from time to time.

**B.      Notice**

**1.       Notice to the Settlement Class**

Class Counsel and Defendant shall insert the correct dates and deadlines in the Settlement Class notices before the Class Notice program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Any Notices provided under or as part of the Notice Program shall not bear or include the Defendant logo or trademarks or the return address of Defendant, or otherwise be styled to appear to originate from Defendant. At Defendant's request, ownership of the Settlement Website URL shall be transferred to Defendant within ten (10) days of the date on which operation of the Settlement Website ceases, which shall be within fourteen (14) days following distribution of the Claim Settlement Payments, or such other date as Class Counsel and Defendant may agree upon in writing.

**2.       Settlement Class Data**

Within ten (10) days after entry of the Preliminary Approval Order, Defendant —if it has not already done so—will provide to the Administrator the Settlement Class Data in electronic format. Using the Settlement Class Data, the Administrator will determine the mailing addresses associated with each of the telephone numbers of the Settlement Class Members. The Administrator will keep the Settlement Class Data as Confidential Information.  The Administrator will certify that it has destroyed all copies of the Settlement Class Data following distribution of the Settlement Fund in accordance with this Agreement.

### 3.   Mail Notice

No earlier than seventy (75) days before the Final Approval Hearing is scheduled to take place, or at such other time as may be ordered by the Court consistent with this Agreement, the Administrator shall commence sending notice. The Administrator shall send the Mail Notice by first class U.S. Mail and shall be done with a double-sided postcard that includes the Claim Form with prepaid postage. For any Mail Notices returned as undeliverable or for any phone numbers for which Defendant lacks a mailing address, the Administrator shall perform reverse look-ups. Before any notice is commenced, Class Counsel and Defendant's counsel shall first be provided with a proof copy of such notice (including what the items will look like in their final form), and shall have the right to inspect the same for compliance with this Agreement and with the Court's orders.

### 4.   Long-Form Notice

Mailed Notice will all contain the address for the Settlement Website, www.BanksTCPAsettlement.com. On the website, Settlement Class members will find important documents and court filings, including the Long-Form Notice, which will contain more detail than the Mailed Notice. The Long Form Notice will be sent to all Settlement Class members who contact the Administrator by telephone or email and request a copy.

### 5.   Settlement Website

By the beginning of the Claim Period, the Administrator shall establish and maintain the Settlement Website, which, among other things: (i) enables Settlement Class Members to access and download the Claim Form, (ii) provides contact information for Class Counsel, and (iii) provides access to relevant documents concerning the Action. Such documents shall include this Agreement and Class Notice; the Long-Form Notice, the Preliminary Approval Order; the Complaint; and, when entered, the Final Approval Order. The Class Notice shall include the

address (URL) of the Settlement Website. The Administrator shall maintain the Settlement Website until at least sixty (60) days following the Claim Deadline.

### 6. CAFA Notice

The Administrator shall serve notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within the timelines specified by 28 U.S.C. § 1715(b). Defendant will provide the Court with confirmation of service on or before the date of the Final Approval Hearing.

### C. Claim Filing, Review, and Approval Process

### 1. Claim Form

To submit a valid Claim, Settlement Class Members must correctly provide all the information and documentation required by the Claim Form. The Claim Form shall require any Settlement Class Member who submits a Claim to provide the following information, and affirm that the information provided are true and accurate under penalty of perjury: (a) Settlement Class Claimant's name, current address, telephone number, and e-mail address; (b) Settlement Class Claimant's telephone number that received a recorded message from Defendant; (c) an affirmation that the Settlement Class Claimant received a prerecorded message from Defendant within the Class Period; and (d) a declaration under penalty of perjury that all information and representations contained in the Claim Form are true and correct.

### 2. Claim Filing Process

Settlement Class Members shall be permitted to make a Claim for a Claim Settlement Payment by submitting a Claim Form via mail or online to the Administrator on or before the Claim Deadline. Any Settlement Class Member who does not submit an accurate and fully completed Claim Form by the Claim Deadline shall be deemed to have waived any Claim and any such Claim will be rejected.

### 3. Invalid Claims

Any Settlement Class Member who fails to submit an Approved Claim shall not be entitled to receive a Settlement Claim Payment, but shall otherwise be bound by all of the terms in this Agreement, including the terms of the Final Approval Order and the Releases in this Agreement, and shall be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Parties concerning any Released Claims.

### 4.      Claim Review Process

The Administrator shall confirm that each Claim Form submitted is in the form required; that each Claim Form includes the required affirmations, information, and documentation; that each Claim Form was submitted in a timely fashion; and that the Settlement Class Claimant is a member of the Settlement Class. The Administrator shall also confirm that the telephone number provided in the Claim Form appears in the Settlement Class Data as a telephone number that received a prerecorded message. All such Claim criteria shall be strictly enforced. Any Settlement Class Claimant's failure to provide any of the required affirmations or information and any Claim Form that does not meet the above criteria shall result in the Claim being deemed invalid, and Defendant shall not have any further obligation to process or make any Claim Settlement Payment on such invalid Claim. The Administrator shall not receive any incentive for denying claims.

### 5.      Settlement Class Payment List

At least thirty (30) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendant with the Settlement Class Payment List.  Upon either Party's request that must be made within seven (7) days following the Parties' receipt of this List, the Administrator will provide copies of all Claim Forms that it receives to counsel for the Parties, along with its recommendation as to whether or not each Claim Form is determined to be an Approved Claim.  If there is any question related to such documentation and/or determination, either Party may request the Settlement Administrator to provide additional documentation, which

request must be made within seven (7) days of receipt of Parties' receipt of the Claim Forms and the Settlement Administrator's recommendation. Defendant's Counsel, and Class Counsel shall each have the right to challenge the acceptance or rejection of a Claim Form submitted by purported Settlement Class Members. Any such challenge must be made within seven (7) days after the Settlement Administrator has provided the requested documentation to the Parties' Counsel. The Settlement Administrator shall follow any agreed decisions of Defendant's Counsel and Class Counsel regarding any challenged claims.

D.     **Opt-Out Rights**

1.     **Opt-Out Requirements**

A Settlement Class Member who wishes to opt-out of the Settlement Class must do so in writing. To opt-out, a Settlement Class Member must complete and send to Class Counsel (or the Administrator), at the address listed in the Class Notice, a Request for Exclusion that is postmarked no later than the Opt-Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify the telephone number at which the person requesting exclusion received a prerecorded message from Defendant; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class in *Banks v. Fuccillo Affiliates of Florida, Inc.*, Case No. 2:19-cv-00227-JES-MRM." Class, mass and group Requests for Exclusion are prohibited.

Any Settlement Class Member who does not opt-out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments, including the Final Approval Order.

A Settlement Class Member who desires to opt-out must take timely affirmative written action in accordance with this Section, even if the Settlement Class Member desiring to opt-out (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

### 2.     Opt-Outs Not Bound

Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, this Agreement; (c) gain any rights by virtue of this Agreement; or (d) be entitled to object to any aspect of the Settlement.

### 3.     List of Requests for Exclusion

At least ten (10) days before the Final Approval Hearing, the Administrator shall provide Class Counsel and Counsel for Defendant with a list of all timely Requests for Exclusion along with copies of such Requests for Exclusion.

### 4.     All Settlement Class Members Bound By Settlement

Except for those Settlement Class Members who timely and properly file a Request for Exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms.

### E.     Objections

Any Settlement Class Member who does not opt-out of the Settlement may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

### 1.     Process

Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval

Order. The written objection must be filed with the Court and mailed (with the requisite postmark) to Class Counsel and Counsel for Defendant, no later than the Objection Deadline.

2. **Requirements**

The requirements to assert a valid written Objection shall be set forth in the Class Notice. To be valid, the written objection must include:

a. the name of the Action;

b. the objector's full name, address, and telephone number;

c. an explanation of the basis on which the objector claims to be a Settlement Class Member, which must include the telephone number at which the objector received a prerecorded message from Defendant;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e. the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g. a copy of any orders related to or ruling on counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by them that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

h. any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l. the objector's signature (an attorney's signature is not sufficient).

Class, mass and group Objections are prohibited. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Agreement by appeal or other means.

**3.** **Appearance**

Subject to approval by the Court, any Settlement Class Member who files and serves a written objection in accordance with this Section may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Counsel for Defendant by the Objection Deadline.

The Notice of Intention to Appear must include: (a) the case name and number; (b) the Settlement Class Member's name, address, telephone number, and signature, and, if represented

by counsel, their contact information; (c) the telephone number at which he or she received a prerecorded message from Defendant; and (d) copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Class Notice and this Agreement shall not be entitled to appear at the Final Approval Hearing and raise any objections.

### 4.      Discovery From Settlement Class Members Objecting To Settlement

The Parties shall have the right to take discovery from any Settlement Class Member who objects to the Settlement without further leave of court. If the Settlement Class Member who objects to the Settlement is represented by counsel, the Parties shall also have the right to take discovery from the Settlement Class Member's counsel without further leave of court.

### F.      Funding & Distribution of Settlement Fund and Claim Settlement Payment

### 1.      Settlement Fund

As described herein, the Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any Attorneys' Fees and Expenses, any Incentive Award, and all Notice and Administrative Costs. The Settlement Fund shall be the sole and exclusive monetary contribution or consideration paid or provided by Defendant under this Settlement Agreement and Defendant shall not, under any circumstances, be obligated to pay any other additional amounts beyond the amount set forth in the definition of Settlement Fund. Any part of the Settlement Fund that is not used to provide relief for the Settlement Class, Attorneys' Fees and Expenses, any Incentive Award, and any Notice and Administrative Costs shall remain with Defendant.

### 2.      Funding

From the Settlement Fund, Defendant, within thirty (30) days after the Effective Date, shall

fund all amounts required by the Administrator for distribution of any Claim Settlement Payments to Settlement Class Members who submit Approved Claims.

> ### 3.   Distribution

The Administrator shall pay any Claim Settlement Payments to Settlement Class Members who submit Approved Claims within sixty (60) days after the Effective Date.

### G.   Non-Approval of Agreement

This Agreement is conditioned on Final Approval without material modification by the Court. If the Agreement is not so approved, the Parties shall have the right to withdraw from the Agreement and return to the status quo ante as if no settlement or this Agreement had been negotiated or entered into.  Defendant shall not be obligated to make any payments or provide any other monetary or non-monetary relief to Plaintiff or any member of the Settlement Class, or any Attorney's Fees or expenses to Class Counsel.  Moreover, the Parties shall be deemed to have preserved all of their rights or defenses, and shall not be deemed to have waived any substantive, evidentiary, procedural, or other rights of any kind that they may have as to each other or any member of the Settlement Class.  Neither the Agreement, nor any other fact or statement relating to the negotiation of the Agreement may be used, offered, or admitted as an admission or evidence of liability.  If the Agreement is approved without material modification by the Court, but is later reversed or vacated on appeal, each of the Parties shall have a right to withdraw from the Agreement and return to the status quo ante, for all litigation purposes, as if no Agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive, evidentiary, procedural, or rights of any kind that they may have as to each other or any member of the Settlement Class.

This Settlement, for purposes of clarification, is not dependent or conditioned upon the Court approving Plaintiff's request for an Incentive Payment and/or Class Counsel's request for

Attorneys' Fees and Expenses, or awarding the particular amounts sought by Plaintiff and/or Class Counsel. In the event the Court declines Plaintiff's and/or Class Counsel's requests or awards less than the amounts sought, the Settlement will continue to be effective and enforceable.

### H.    Termination of Agreement

Either Party shall have the right in his or its sole discretion to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement if any of the following conditions occurs: (1) the Court, within one-hundred eighty (180) days after the motion for preliminary approval is filed, fails or declines to grant preliminary approval in accordance with the terms of the Preliminary Approval Order; (2) the Court, within three-hundred sixty (360) days after granting preliminary approval in accordance with the terms of the Preliminary Approval Order, fails or declines to grant Final Approval in accordance with the terms of the Final Approval Order; (3) an appellate court vacates or reverses the Final Approval Order; (4) the Effective Date does not occur for any reason; (5) any condition described in this Agreement, including any Exhibits, as a basis for termination or cancellation occurs; (6) more than 5% of the Settlement Class opts out of the Settlement; or (7) there is any Court-ordered modification in the Settlement Fund or amount Defendant is obligated to pay hereunder.

### I.    Retention of Records

The Administrator shall retain all records relating to payment of claims under this Agreement for a period of five (5) years from the Effective Date. Those records shall be maintained in accordance with this Agreement as Confidential Information.

### J.    Change in Corporate Practice

Defendant agrees to adopt policies and procedures to ensure compliance with the TCPA, as well as the DNC Registry.

## IV.    <u>EXCLUSIVE REMEDY/DISMISSAL OF CLAIMS/JURISDICTION</u>

### A. Exclusive Remedy; Permanent Injunction

Upon issuance of the Final Approval Order: (i) the Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

### B. Dismissal of Claims

The Parties agree that upon the Effective Date, the Action shall be dismissed with prejudice in accordance with the Final Approval Order.

### C. Continuing Jurisdiction of Court

The Court shall retain exclusive and continuing jurisdiction over this Action, the Parties, and this Agreement with respect to the performance of its terms and conditions (and disputes arising out of or relating to this Agreement), the proper provision of all benefits, and the implementation and enforcement of its terms, conditions, and obligations.

## V.   **RELEASES**

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Class Representative, the Settlement Class, and each Settlement Class Member from all Released Claims. The Settlement Class and each Settlement Class Member covenant and agree that they shall not hereafter seek to establish liability against any of the Released Parties based, in whole or in part, on any of the Released Claims. The Class Representative, the Settlement Class, and each Settlement Class Member expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute of the United States. Section 1542 reads as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Class Representative, the Settlement Class, and each Settlement Class Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representative, the Settlement Class, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Approval Order, shall have, nevertheless, fully, finally, and forever waived, settled, and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

Upon the Effective Date of this Agreement, the Released Parties shall be released and forever discharged by the Plaintiff for any and all claims that she may have against any of the Released Parties.

Upon issuance of the Final Approval Order, the Plaintiff, and all Settlement Class Members shall be permanently barred and enjoined from: (a) asserting any Released Claims in any action or

proceeding or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (b) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims. Nothing in this Agreement shall preclude any action to enforce the terms of the Agreement.

This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement.

## VI.  COVENANTS, REPRESENTATIONS, AND WARRANTIES

Plaintiff and the Settlement Class Members covenant and agree: (a) not to assert any of the Released Claims in any action or proceeding and not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action or proceeding based on any of the Released Claims against any of the Released Parties; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Parties.

Plaintiff represents and warrants that: (a) she is the sole and exclusive owner of her own Released Claims; (b) that she has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties; (c) that she will not assign or otherwise transfer any interest in any of the Released Claims; and (d) that she has no surviving claim or cause

of action against any of the Released Parties that is not being released by this Agreement.

Class Counsel represent and warrant that: (a) they know of no other persons with claims against Defendant who are not included in the Settlement Class and whose claims will not be released upon the Effective Date of this Agreement; (b) they will keep confidential and not publicly disclose, disseminate, or use any of the information in the Settlement Class Data; and (c) they will not advertise for or solicit individuals to bring any additional lawsuits or claims against Released Parties, except that this statement shall not be interpreted to prevent Class Counsel from engaging in any action permitted by the rules of professional responsibility.

## VII.   MISCELLANEOUS PROVISIONS

### A.   Receipt of Advice of Counsel

Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Release, received independent legal advice with respect to the advisability of entering into this Agreement and the Release and the legal effects of this Agreement and the Release, and fully understands the effect of this Agreement and the Release.

### B.   Cooperation to Facilitate this Settlement

The Parties agree that they shall work together in good faith to facilitate this Agreement, as well as undertake any required steps to effectuate the purposes and intent of this Agreement.

### C.   Representation by Counsel

The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and have been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein.

### D.   No Admission of Liability

Nothing in this Agreement, or the Parties' willingness to enter into this Agreement, shall

be construed as an admission by any person or entity, of any liability or wrongdoing of any Party, or of the truth of any allegations made by the Class Representative, on behalf of herself or the Settlement Class, against Defendant. Defendant expressly denies and disclaims any liability or wrongdoing. The existence, contents, and terms of Agreement, and any negotiations, statements, or proceedings in connection therewith, shall not be admissible as evidence for any purpose in any proceeding, except solely for purposes of enforcement of the Agreement's terms; however, this Agreement may be used by either Party and pleaded as a full and complete defense to any action, suit, or other proceeding that has been or may be instituted, prosecuted, or attempted with respect to any of the Released Claims, and may be filed, offered, and received into evidence, and otherwise used for such defense.

   **E.**  **Contractual Agreement**

   The Parties understand and agree that all terms of this Agreement are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

   **F.**  **Change of Time Periods**

   The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of Class Counsel and Counsel for Defendant, without notice to Settlement Class Members. The Parties reserve the right, by agreement and subject to Court approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

   **G.**  **Integration**

   This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement supersedes all prior

representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings, or undertakings with respect to the subject matter of this Agreement.

### H.    Drafting

The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their respective attorneys.

### I.    Costs

Except as otherwise provided herein, each Party shall bear its own legal and other costs incurred in connection with the Released Claims, including the preparation and performance of this Agreement.

### J.    Modification or Amendment

This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their successors-in-interest.

### K.    No Waiver

The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

### L.    Severability

Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder; provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid in any manner.  Provided, however, that the terms of this Section shall not apply should any court or tribunal find any part, term, or provision of the release, as set forth in Section V, to be illegal or invalid in any manner.

### M.     No Violation of Law or Agreement

The execution, delivery, and performance of this Agreement by the Parties hereto does not and will not, conflict with, violate, result in a breach of, or cause a default under, (a) any applicable provision of any federal, state, or local law or regulation, (b) any provision of any order, arbitration award, judgment, or decree, or (c) any provision of any agreement or instrument applicable to the Parties.

### N.     Successors

This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the Parties hereto.

### O.     Choice of Law

All terms and conditions of this Agreement shall be governed by and interpreted according to the laws of the State of Florida, without reference to its conflict of law provisions, except to the extent that federal law governs. The adequacy of the settlement, any determination regarding Class Counsel's fees and expenses, and any Incentive Award shall be governed by federal law.

### P.     Fair and Reasonable

The Parties and their counsel believe that this Agreement is a fair and reasonable compromise of the disputed claims, it is in the best interests of the Parties, and have arrived at this Agreement as a result of extensive arms-length negotiations.

### Q.   Headings

All headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement. In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

### R.   Exhibits

The Exhibits to this Agreement are expressly incorporated and made part of the terms and conditions set forth herein.

### S.   Counterparts

This Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

### T.   Facsimile and Electronic Mail

Transmission of a signed Agreement by facsimile or electronic mail shall constitute receipt of an original signed Agreement by mail.

### U.   Warranty of Signature

Each signer of this Agreement represents and warrants that he or she is authorized to execute this Agreement in his or her official capacity on behalf of the Party to this Agreement for which he or she is signing and that this Agreement is binding on the principal represented by that signatory.

### V.   No Assignment

Each Party represents and warrants that such Party has not assigned or otherwise

transferred (via subrogation or otherwise) any right, title, or interest in or to any claims, causes of action, or demands which were or could have been, or ever could be asserted against any Party and that are released in this Agreement, or which were, could have been, or ever could be asserted against any Party. Any Party that breaches the representations and warranties set forth in this Section shall indemnify and hold harmless each other Party, its parents, subsidiaries, and affiliates, and their respective owners, agents, attorneys, successors, heirs, assigns, administrators, officers, directors, employees, and all other persons acting in concert with them from any and every claim or demand of every kind or character arising out of a breach by any such breaching Party of its representations and warranties in this Section.

**W.     Confidentiality; Communications to Media and Public**

The Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any Party until the Agreement is filed in connection with the Preliminary Approval Application.

Other than public court filings, court-ordered notice to the class and communications with Settlement Class Members, there shall be no other publication or dissemination of the terms of this Settlement by either party, their counsel, or the Administrator, including, but not limited to, in the form of press releases or in response to inquiry from any media. For the avoidance of any doubt, nothing in this Agreement prevents the Parties from making any disclosures required to effectuate this Agreement or from making any disclosures required by law.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____Oct 25, 2019_____          By: _*stacey banks*_
                                            stacey banks (Oct 25, 2019)
                                            **Stacey Banks**
                                            *Plaintiff and Class Representative*

Dated: _____Oct 25, 2019_____          By: _*Andrew Shamis*_
                                            **Andrew J. Shamis, Esq.**
                                            *Counsel for Plaintiff and the Settlement Class*

                                            **Defendant Fuccillo Affiliates of Florida, Inc.**

Dated: _____          By: _____

                                            Name: _____

                                            Title: _____

Dated: _____          By: _____

                                            *Counsel for Defendant*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____     By: _____

                                        Stacey Banks
                                         *Plaintiff and Class Representative*

Dated: _____     By: _____

                                         Andrew J. Shamis, Esq.
                                         *Counsel for Plaintiff and the Settlement Class*

                                         **Defendant Fuccillo Affiliates of Florida, Inc.**

Dated: October 30, 2019     By: _____

                                         Name: William B. Fuccillo, Sr.

                                         Title: President

Dated: _____     By: _____

                                         *Counsel for Defendant*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized representatives:

Dated: _____        By:    _____
                                                Stacey Banks
                                                *Plaintiff and Class Representative*

Dated: _____        By:    _____
                                                Andrew J. Shamis, Esq.
                                                *Counsel for Plaintiff and the Settlement Class*

                                                **Defendant Fuccillo Affiliates of Florida, Inc.**

Dated: _____        By:    _____

                                                Name: _____

                                                Title: _____

Dated: ___10/31/2019___               By:    _____
                                                *Counsel for Defendant*

35

# EXHIBIT 1

# CLAIM FORM

## ***Banks v. Fuccillo Affiliates of Florida, Inc.* Settlement**

## **Case No. 2:19-cv-00227-JES-MRM**

Return this Claim Form to: Claim Administrator, PO Box xxxx, Portland, OR xxxxx- xxxx. To submit an online form, visit **www.BanksTCPAsettlement.com** or call **1-xxx-xxx-xxxx.**

**DEADLINE: THIS CLAIM FORM MUST BE POSTMARKED BY [MONTH DAY, YEAR] BE FULLY COMPLETED, BE SIGNED UNDER OATH, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.**

**YOU MUST SUBMIT THIS CLAIM FORM TO RECEIVE A SETTLEMENT PAYMENT.**

Please note that if you are a Settlement Class Member, the Settlement Class Member Verification section below requires you to state, under penalty of perjury, that all information contained therein is true and correct. This Claim Form may be researched and verified by the Claim Administrator.

| YOUR CONTACT INFORMATION |
|---|

**Name**: _____  _____  _____
         (First)              (Middle)              (Last)

**Current Address**: _____

(City)                          (State)         (ZIP Code)

**Telephone Number at Which You Received a Prerecorded Message: (_____)_____– _____**
**Email address:**

**Current Phone Number: (_____)_____–_____    or** ☐ check if same as above
(Please provide a phone number where you can be reached if further information is required.)

**Claim ID**:

| Class Member Verification |
|---|

By submitting this claim form, I declare under penalty of perjury that I am a member of the Class (defined "**all individuals within the United States (i) who were sent a prerecorded message (ii) by or on behalf of Defendant (iii) using "ringless" voicemail technology (iv) during the four years prior to the filing of the Complaint through the date of preliminary approval.**" I further declare under penalty of perjury that the information provided herein is true and correct.
************************************************************
Additional information regarding the Settlement can be found at visit www.BanksTCPAsettlement.com

 **I declare under penalty of perjury that the foregoing is true and correct.**

Signature:_____      Date: _____

Print Name:_____

If you have questions, you may call the Claim Administrator at 1-xxx-xxx-xxxx.

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No. 2:19-cv-00227-JES-MRM

Stacey Banks, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.

Fuccillo Affiliates of Florida,
Inc., a Florida Corporation,

       Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On_____, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Stacey Banks ("Plaintiff"), on behalf of herself and all members of the Settlement Class, and Defendant Fuccillo Affiliates of Florida, Inc., ("Defendant" or "Fuccillo") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class for settlement purposes, and set the final approval hearing to take place on_____. The Court finds that the Class Notice in the form approved by the Court in its preliminary approval order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On_____, the Court held a fully noticed Final Approval Hearing to consider: (1)

1

whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing Plaintiff s Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award an Incentive Award to the Class Representative.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT

1.      The Court has personal jurisdiction over the parties and the Settlement. Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Approval Order. Without affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other purpose.

2.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties engaged in a mediation and extensive settlement discussions and after the exchange of informal information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact

2

common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class she seeks to represent; (d) Class Representative has arid will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement.

5.     The Court finally appoints Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A., Manuel S. Hiraldo, Esq. or Hiraldo, P.A., Michael Eisenband, Esq. of Eisenband Law, P.A, and Ignacio J. Hiraldo, Esq. of IJH Law as Class Counsel for the Settlement Class.

6.     The Court finally designates Stacey Banks as the Class Representative.

7.     The Court makes the following findings on notice to the Settlement Class:

(a)     The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided

with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)    The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.    The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9.    The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members submitted Approved Claims.

10.    Pursuant to Fed. R. Civ. P. 23, the Court hereby awards Class Counsel for the Settlement Class Attorney's Fees and Expenses in the amount of $ _____, representing __% of the Settlement Fund. The Court finds that the requested fees and costs are reasonable under the percentage of the fund. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

4

11.     The Court finds the award of fees and costs are reasonable as (a) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and has approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision on whether to object to the Class Counsel's fee request, and zero Settlement Class Member(s) objected. In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested.

12.     The Court further awards an Incentive Award in the amount of $_____ Class Representative Stacey Banks, payable pursuant to the terms of the Settlement Agreement.

13.     Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement

5

Agreement.

14.     Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

15.     The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in all pending and future lawsuit maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16.     The Releases, which are set forth in Section V of the Settlement Agreement, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined in the Settlement Agreement) from  all Released Claims (as that term is defined in the Settlement Agreement).

(a)     The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who validly and timely submitted a Request for Exclusion from the Settlement.

(b)      The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c)      The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d)      The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

17.      Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include

7

class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

18.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b)     offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c)     offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

19.     This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8

20.      Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

21.    In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force. and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

22.    This Action, including all individual claims and class claims presented herein, is hereby **DISMISSED** on the merits and **WITH PREJUDICE** against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT.**

DONE AND ORDERED in Chambers at Fort Myers, Florida, this_____day of

_____, 2019.

_____
John E. Steele
Senior United States District Judge

Copies to:
Counsel of record

9

# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA

# If You Received a Prerecorded Message from Fuccillo Affiliates of Florida, Inc. You May Be Entitled to a Payment from a Class Action Settlement

*A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement[1] has been reached in a class action lawsuit about whether Fuccillo Affiliates of Florida, Inc., ("Fuccillo") sent prerecorded messages to mobile telephone numbers using "ringless" voicemail technology in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Fuccillo denies the allegations and any wrongdoing. The Court has not decided who is right.

- The Settlement offers payments to Settlement Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If you are a member of the Settlement Class, you must submit a completed Claim Form to receive a payment. If you submit an Approved Claim, the Court approves the Settlement and it becomes Final and effective, and you remain in the Settlement Class, you will receive your payment by check. |
| **EXCLUDE YOURSELF** | You may request to be excluded from the Settlement and, if you do, you will receive no benefits from the Settlement. |
| **OBJECT** | Write to the Court if you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in court about the fairness of the Settlement. |
| **DO NOTHING** | You will not receive a payment if you fail to timely submit a completed and approved Claim Form, and you will give up your right to bring your own lawsuit against Fuccillo about the claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit Approved Claims. Please be patient.

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement, a copy of which may be found online at the Settlement Website below.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................**PAGE 3**
1. Why is there a Notice?
2. What is this litigation about?
3. What is the Telephone Consumer Protection Act?
4. Why is this a class action?
5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**...........................................................................**PAGE 4**
6. Who is included in the Settlement?
7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**......................................................................................**PAGE 4**
8. What does the Settlement provide?
9. How do I file a Claim?
10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.......................................................**PAGE 5**
11. How do I get out of the Settlement?
12. If I do not exclude myself, can I sue Fuccillo for the same thing later?
13. What am I giving up to stay in the Settlement Class?
14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**............................................................................**PAGE 6**
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**...............................................................................**PAGE 6**
17. How do I tell the Court I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**.................................................................................**PAGE 7**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**.................................................................................................**PAGE 8**
22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................................................**PAGE 8**
23. How do I get more information?

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.BanksTCPAsettlement.com**

# BASIC INFORMATION

### 1.   Why is there a Notice?

A court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit known as *Banks v. Fuccillo Affiliates of Florida, Inc.,* Case No. 2:19-cv-00227-JES-MRM and about all of your options before the Court decides whether to give Final Approval to the Settlement.  This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge John E. Steele of the United States District Court for the Middle District of Florida is overseeing this case. The person who sued, Stacey Banks is called the "Plaintiff." Fuccillo is called the "Defendant."

### 2.   What is this litigation about?

The lawsuit alleges that Fuccillo sent prerecorded messages to Plaintiff's wireless telephone number using "ringless" voicemail technology in violation of the TCPA and seeks actual and statutory damages under the TCPA on behalf of the named Plaintiff and a class of all similarly situated individuals in the United States.

Fuccillo denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the litigation and that the claims in the litigation would be appropriate for class treatment if the litigation were to proceed through trial.

The Plaintiff's Complaint, Settlement Agreement, and other case-related documents are posted on the Settlement Website, www.BanksTCPAsettlement.com.  The Settlement resolves the lawsuit.  The Court has not decided who is right.

### 3.   What is the Telephone Consumer Protection Act?

The Telephone Consumer Protection Act (commonly referred to as the "TCPA") is a federal law that restricts telephone solicitations and the use of automated telephone equipment.

### 4.   Why is this a class action?

In a class action, one person called the "Class Representative" (in this case, Plaintiff Stacey Banks) sues on behalf of herself and other people with similar claims.

All of the people who have claims similar to the Plaintiff's claims are Settlement Class Members, except for those who exclude themselves from the class.

### 5.   Why is there a settlement?

The Court has not found in favor of either Plaintiff or Fuccillo. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Claimants will receive the benefits described in this Notice. Fuccillo denies all legal claims in this case. Plaintiff and her lawyers think the proposed Settlement is best for everyone who is affected.

# WHO IS PART OF THE SETTLEMENT

### 6.   Who is included in the Settlement?

The Settlement includes all persons who received a prerecorded message on their cell phone from Fuccillo. Specifically, the Settlement Class is defined as:

**all individuals within the United States (i) who were sent a prerecorded message (ii) by or on behalf of Defendant (iii) using "ringless" voicemail technology (iv) during the four years prior to the filing of the Complaint through the date of preliminary approval.**

Persons meeting this definition are referred to collectively as the "Settlement Class" and, individually, as "Settlement Class Members."

Excluded from the Settlement Class are: (1) Defendant; (2) its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest; (3) all customers who make timely election to be excluded; and (4) all judges assigned to this litigation and their immediate family members.

### 7.   What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class or have any other questions about the Settlement, visit the Settlement Website at www.BanksTCPAsettlement.com or call the toll-free number, 1-xxx-xxx-xxxx. You also may send questions to the Settlement Administrator at Banks TCPA Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXX.

# THE SETTLEMENT BENEFITS

### 8.   What does the Settlement provide?

To fully settle and release claims of the Settlement Class Members, Fuccillo has agreed to make payments to the Settlement Class Members and pay for Notice and Administrative costs of the Settlement, Attorneys' Fees and Expenses incurred by counsel for the Settlement Class, and an Incentive Award for Plaintiff (the "Settlement Fund"). Defendant will make available up to $1,864,260 (the "Settlement Fund"). Settlement Class Members who submit Approved Claims which shall be $180 less Notice and Administrative Costs, Attorney's Fees and Expenses, and the Incentive Award. Settlement Class Claimants who submit Approved Claims will be sent their Claim Settlement Payments to the address they submitted on their Claim Form within 60 days following the Effective Date.

### 9.   How do I file a Claim?

If you qualify for a payment, you must complete and submit a valid Claim Form. You may download a Claim Form at the Settlement Website, www.BanksTCPAsettlement.com, or request a Claim Form by calling the Settlement Administrator at the toll-free number below. To be valid, a Claim Form must be completed fully and accurately, signed under penalty of perjury, and submitted timely.

You must submit a Claim Form by U.S. mail or through the Settlement Website, and it must be postmarked by [DATE].

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.BanksTCPAsettlement.com**

Please read the Claim Form carefully and provide all the information required. Only one Claim Form may be submitted per Settlement Class Member.

| 10. When will I receive my payment? |
| --- |

Payments to Settlement Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Fuccillo on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself—or it is sometimes referred to as "opting out" of the Settlement Class.

| 11. How do I get out of the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a timely letter by mail to:

Banks Settlement Administrator
P.O. Box XXXX
XXXX, XX XXXX

Your request to be excluded from the Settlement must (a) identify the case name; (b) identify your name, address, and telephone number; (c) identify the telephone number at which the you received a prerecorded message from Defendant; (d) be personally signed by you; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Action, such as: "I hereby request that I be excluded from the proposed Settlement Class in Banks v. Fuccillo Affiliates of Florida, Inc., Case No. 2:19-cv-00227-JES-MRM." Class, mass and group Requests for Exclusion are prohibited.

Your exclusion request must be postmarked no later than **xxxxxxxxx**. You cannot ask to be excluded on the phone, by email, or at the Settlement Website.

You may opt out of the Settlement Class only for yourself.

| 12. If I do not exclude myself, can I sue  Fuccillo for the same thing later? |
| --- |

No. Unless you exclude yourself, you give up the right to sue Fuccillo for the claims that the Settlement resolves. You must exclude yourself from this Settlement Class in order to pursue your own lawsuit.

| 13. What am I giving up to stay in the Settlement Class? |
| --- |

Unless you opt out of the Settlement, you cannot sue or be part of any other lawsuit against Fuccillo about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.BanksTCPAsettlement.com. The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms

representing the Settlement Class listed in Question 15 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Claims or what they mean.

### 14. If I exclude myself, can I still get a payment?

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the Settlement.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in the case?

The Court has appointed the following lawyers as "Class Counsel" to represent all members of the Settlement Class.

Scott Edelsberg, Esq.
Edelsberg Law, PA
2900 NE 30th Ave, Suite 417
Aventura, FL 33180

Andrew Shamis, Esq.
Shamis & Gentile, P.A.
14 NE 1st Ave, Suite 1205
Miami, FL 33132

Manuel S. Hiraldo, Esq.
Hiraldo, P.A.
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

Michael Eisenband, Esq.
Eisenband Law, P.A.
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301

Ignacio J. Hiraldo, Esq.
IJH Law
14 NE First Ave. 10th Floor
Miami, FL 33132

You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### 16. How will the lawyers be paid?

Class Counsel intend to request up to 24% of the Settlement Fund for attorneys' fees and costs, including reasonable, actual out-of-pocket expenses incurred in the litigation. The fees and expenses

awarded by the Court will be paid out of the Settlement Fund. The Court will decide the amount of fees and expenses to award.

Class Counsel will also request that an Incentive Award of $5,000.00 be paid from the Settlement Fund to the Class Representative for her service as representative on behalf of the whole Settlement Class.

# OBJECTING TO THE SETTLEMENT

**17. How do I tell the Court if I do not like the Settlement?**

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must timely submit a letter that includes the following:

1) A heading that includes the case name and case number— *Banks v. Fuccillo Affiliates of Florida, Inc*., Case No. 2:19-cv-00227-JES-MRM;

2) Your full name, address, telephone number, the cell phone number at which you received prerecorded messages from Fuccillo and if represented by counsel, the name, bar number, address, and telephone number of your counsel;

3)  A signed statement by you stating, under penalty of perjury, that you received one or more prerecorded messages from Fuccillo and are a member of the Settlement Class;

4) A statement of all your objections to the Settlement including your legal and factual basis for each objection;

5) A statement of whether you intend to appear at the Final Approval Hearing, either with or without counsel, and if with counsel, the name of your counsel who will attend;

6) The number of times in which you and your counsel and counsel's law firm (if you have counsel) have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you and counsel and your counsel's law firm has made such objection, and a copy of any orders related to or ruling upon your or your counsel's and your counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case;

7) A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

8) Any and all agreements that relate to the objection or the process of objecting—whether written or verbal—between you or your counsel and any other person or entity.

Class, mass and group Objections are prohibited.  If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by **XXXXXXXXXX**.  You must also file and serve a Notice of Intent to Appear at the below addresses postmarked by XXXXXXXXXX that includes (a) the case name and number; (b) the your full name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number at which you received a prerecorded message from Defendant;

and (d) copies of any papers, exhibits, or other evidence that you will present to the Court in connection with the Final Approval Hearing.

| Clerk of the Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| United States District Court for the Middle District of Florida 2110 First Street Fort Myers, Florida 33901 | Scott Edelsberg, Esq. Edelsberg Law, PA 20900 NE 30th Ave., Suite 417 Aventura, FL 33180 | |

### 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Final Approval Hearing").

### 19. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Final Approval Hearing on **xxxxxxx at xxx a.m.** at the xxxxxxxxxxxxx. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.BanksTCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for Attorneys' Fees and Expenses and for an Incentive Award to the Class Representative. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

### 20. Do I have to attend the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time to the proper addresses and it complies with all the other requirements set forth above, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, your timely filed objection must include a statement of whether you intend to appear at the Final Approval Hearing (*see* Question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

**QUESTIONS? CALL 1-xxx-xxx-xxxx OR VISIT**
**www.BanksTCPAsettlement.com**

## 22. What happens if I do nothing at all?

If you are a Settlement Class member and do nothing, meaning you do not file a timely and Approved Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

# GETTING MORE INFORMATION

## 23. How do I get more information?

This Notice summarizes the proposed Settlement. You are urged to review more details in the Settlement Agreement. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.BanksTCPAsettlement.com. You also may write with questions to the Settlement Administrator at Banks Settlement Administrator, P.O. Box XXXX, XXXX, XX XXXXX or call the toll-free number, 1-xxx-xxx-xxxx.

# EXHIBIT 4

Banks TCPA Settlement Administrator
PO Box 6006
Portland, OR 97208-6006

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO. 2882

## Legal Notice about a Class Action Settlement

<<BARCODE>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY, ST, ZIP>>
<<COUNTRY>>

To submit a Claim for a payment from the Settlement Fund, please fill out the Claim Form below and submit it via email to www.BanksTCPAsettlement.com or by U.S. mail. You may also fill out a Claim Form online at www.BanksTCPAsettlement.com. The deadline to file a claim online or via email is **11:59 p.m. EST on XXXXXXXXXX**. If you send in a Claim Form by regular mail, it must be postmarked on or before **XXXXXXXXXX**.

*First Name:                                              *MI:      *Last Name:

*Address:

*City:                                                          *State:      *ZIP Code:

*Cellular Telephone Number that received one or more prerecorded messages from Fuccillo

Telephone Number where you can be reached if different from above:

Your email address:

*I declare under penalty and perjury that to the best of my knowledge I received one or more prerecorded messages as prescribed in the notice

Signature                                                                          Date

**\*Denotes Information You Must Provide To Have A Valid Claim**
Questions? Visit www.BanksTCPAsettlement.com or call XXXXXXXX

## If You Received a Prerecorded Message from Fuccillo Affiliates of Florida, Inc. You May Be Entitled to a Payment from a Class Action Settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A class action settlement has been reached, making a $1,864,260 settlement fund available to class members who submit timely valid claims. The lawsuit claims Fuccillo Affiliates of Florida, Inc. sent prerecorded messages to wireless telephone numbers using "ringless" voicemail technology in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Fuccillo Affiliates of Florida, Inc. denies the allegations in the lawsuit, and the Court has not decided who is right.

**Who's Included?** You received this email because Fuccillo Affiliates of Florida, Inc. records show that you may be a Settlement Class Member. The Settlement includes all persons in the United States who received one or more prerecorded messages sent by or on behalf of Fuccillo Affiliates of Florida, Inc.

**What Are the Settlement Terms?** Fuccillo Affiliates of Florida, Inc. has agreed to make available $1,864,260 to create a fund that will be used to pay individuals who submit Approved Claims, attorneys' fees, an Incentive Award to the Class Representative, and costs and expenses of the litigation. Settlement Class Members who submit Approved Claims which shall be $180 less Notice and Administration costs, Attorney's Fees and Expenses, and Incentive Award. Only one Claim allowed per Settlement Class Member.

**How Can I Get a Payment?** To get a payment, you must submit a Claim Form by U.S. mail or via email to info@BanksTCPAsettlement.com. A Claim Form is attached to this notice. You may also download or file a Claim Form online at www.BanksTCPAsettlement.com or call the Settlement Administrator at the toll-free number below to request a Claim Form. If you send in a Claim Form by regular mail, it must be postmarked on or before **xxxxxxxxxx**. The deadline to file a Claim online or via email is **11:59 p.m. EST on xxxxxxxxxx**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **xxxxxxxxxx**. If you do not exclude yourself, you will release any claims you may have, as more fully described in the Settlement, available at the Settlement Website. You may object to the Settlement by **xxxxxxxxxx**. The Long Form Notice available on the Settlement Website listed below explains how to exclude yourself or object. The Court will hold a Final Approval Hearing on **xxxxxxxxxx** to consider whether to approve the Settlement, a request for attorneys' fees of up to 24% of the Settlement Fund, and an Incentive Award of $5,000 to the Class Representative. You may appear at the hearing, either yourself or through an attorney you hire, but you don't have to. For more information, call or visit the Settlement Website.

www.BanksTCPAsettlement.com        1-888-551-1722

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL
FIRST-CLASS MAIL        PERMIT NO 581        PORTLAND OR

POSTAGE WILL BE PAID BY ADDRESSEE

BANKS TCPA SETTLEMENT
ADMINISTRATOR PO BOX 6006
PORTLAND OR 97208-6006

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No. 2:19-cv-00227-JES-MRM**

Stacey Banks, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

Fuccillo Affiliates of Florida,
Inc., a Florida Corporation,

      Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS**

      Plaintiff Stacey Banks, on behalf of herself and a class of similarly situated persons, ("Plaintiff") and Defendant Fuccillo Affiliates of Florida, Inc., ("Defendant" or "Fuccillo"), have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement ("Settlement Agreement" or "Agreement"). The Parties reached the Settlement through arm's-length negotiations with the help of experienced mediator, Steven R. Jaffe. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

      The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed an Unopposed Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the

1

proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Class Notice program and proposed forms of Class Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of Attorneys' Fees and Expenses ("Fee Application") and request for an Incentive Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for an Incentive Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for an Incentive Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representative and Class Counsel

4. It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*; *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class.

> **all individuals within the United States (i) who were sent a prerecorded message (ii) by or on behalf of Defendant (iii) using "ringless" voicemail technology (iv) during the four years prior to the filing of the Complaint through the date of preliminary approval.**

6. Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action, approximately 10,357 individuals are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

(b) <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) Typicality: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged Defendant's practices, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"); *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001) (named plaintiffs are typical of the class where they "possess the same interest and suffer the same injury as the class members").

(d) Adequacy: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314 (S.D. Fla. 2001). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent her and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action. *See Lyons v. Georgia-Pacific Corp. Salaried Employees Rel. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000).

(e) Predominance and Superiority: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common

issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged Fuccillo practices as well as the same legal theories.

7. The Court appoints Plaintiff, Stacey Banks, as Class Representative.

8. The Court appoints the following people and firms as Class Counsel: Scott A. Edelsberg of Edelsberg Law, P.A.; Andrew J. Shamis of Shamis and Gentile, P.A., Manuel S. Hiraldo, Esq. or Hiraldo, P.A., Michael Eisenband, Esq. of Eisenband Law, P.A, and Ignacio J. Hiraldo, Esq. of IJH Law, as Class Counsel for the Settlement Class.

9. The Court recognizes that Defendant reserves its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

<u>Preliminary Approval of the Settlement</u>

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith

negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

<u>Approval of Class Notice and the Claims Process</u>

12. The Court approves the form and content of the Class Notice, substantially in the forms attached as Exhibits 3 and 4 to the Settlement, and the Claim Form attached thereto as Exhibit 1. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for Incentive Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Settlement

Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Settlement Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

13.  Kurtzman Carson Consultants LLC ("KCC") shall serve as the Administrator.

14.  The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Settlement Class notices substantially in the forms attached as Exhibits to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order. The Class Notice program shall include, to the extent necessary, Mail Notice, and Long-Form Notice, as set forth in the Settlement and below.

15.  The Administrator shall administer Mail Notice as set forth in the Settlement.

16.  The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Class Notice program. The Settlement Website shall include an online portal to file Claim Forms, hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least sixty (60) days following the Claim Deadline.

17.  The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Class Notice program, as set forth in the Settlement.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

18.  A Final Approval Hearing shall be held before this Court on  ____[date]_____ to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for an Incentive Award for the Class Representative should be granted.

19.  Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by those listed in the Long-Form Notice on or before the last day of the Opt-Out Period, which is 30 days before the Final Approval Hearing ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

20.  Any Settlement Class Member may object to the Settlement, Class Counsel's Fee Application, or the request for an Incentive Award for Plaintiff. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Fuccillo's Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than the Objection Deadline, as set forth in the Notice. To be valid, an objection must include the following information:

a. the name of the Action;

b. the objector's full name, address, and telephone number;

c. an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d. all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel, which must include the telephone number at which the objector received a prerecorded message from Defendant;

e. the number of times in which the objector has objected to a class action settlement within

8

the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application;

g. a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections made by individuals or organizations represented by them that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

h. any and all agreements that relate to the objection or the process of objecting— whether written or oral—between objector or objector's counsel and any other person or entity;

i. the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

k. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l. the objector's signature (an attorney's signature is not sufficient).

<u>Further Papers in Support of Settlement and Attorney's Fee Application</u>

21.    Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for an Incentive Award for Plaintiff, no later than _____, which is 45 days before the Final Approval Hearing.

22.    Plaintiff and Class Counsel shall file their responses to timely filed objections to the

9

Motion for Final Approval of the Settlement, the Fee Application and/or request an Incentive Award for Plaintiff no  later than_____, which is 15 days before the Final Approval Hearing.

<u>Effect of Failure to Approve Settlement</u>

23.    If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Fuccillo or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

<u>Stay/Bar of Other Proceedings</u>

24.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

25.   Based on the foregoing, the Court sets the following schedule for the Final Approval

Hearing and the actions which must take place before and after it:

| Event | Date |
|---|---|
| Time Period for Mailed Notice Program | To begin no later than 75 days prior to the Final Approval Hearing, and must be complete 45 days before the Final Approval Hearing. |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | 45 days prior to the Final Approval Hearing |
| Deadline for opting-out of Settlement and submission of objections | 30 days prior to the Final Approval Hearing |
| Responses to Objections | 15 days prior to the Final Approval Hearing |
| The Final Approval Hearing | Approximately 90 days after Preliminary Approval |
| The last day that Settlement Class members may submit a Claim Form to the Settlement Administrator. | 15 days after the Final Approval Hearing |

**DONE AND ORDERED** in Chambers in Fort Myers, Florida this_____day of

_____, 2019.

_____
John E. Steele
Senior United States District Judge

11