UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STACEY BANKS, individually
and on behalf of all others
similarly situated,

       Plaintiff,

v.                          Case No: 2:19-cv-227-FtM-29MRM

FUCCILLO AFFILIATES OF
FLORIDA, INC., a Florida
Corporation,

       Defendant.

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

This matter comes before the Court on plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #34) filed on October 31, 2019. After review of the parties' Settlement Agreement, Proposed Notice of Class Action Settlement, and having been fully advised in the premises,

It is hereby

**ORDERED:**

1. Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. #34) is **GRANTED,** to the extent the Parties comply with the Court's modifications set forth below.

2. The Court preliminarily approves the Settlement Agreement, subject to the revisions below.

3. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

4. By stipulation of the Parties, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following Settlement Class:

> All individuals within the United States (i) who were sent a prerecorded message (ii) by or on behalf of Defendant (iii) using "ringless" voicemail technology (iv) during the four years prior to the filing of the Complaint through the date of preliminary approval.

The Settlement Class excludes: (1) Defendant; (2) its parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest; (3) all customers who make timely election to be excluded; and (4) all judges assigned to this litigation and their immediate family members. The parties expressly agree to this Settlement Class definition for settlement purposes.

5. The Court finds that certification of the Settlement Class is appropriate because: (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are common questions of law and fact that predominate over any questions affecting only individual class members; (c) Plaintiff will fairly and adequately protect the interests of the Settlement Class; and (d) a class action is an appropriate method for the fair and efficient adjudication of this controversy.

6. The Court appoints plaintiff Stacey Banks as "Class Representative."

7. The Court appoints Scott A. Edelsberg of Edelsberg Law, PA, Andrew J. Shamis of Shamis & Gentile, P.A., Manuel S. Hiraldo of Hiraldo, P.A., Michael Eisenband of Eisenband Law, P.A., and Ignacio J. Hiraldo of IJH Law as "Class Counsel."

8. The Court approves the firm Kurtzman Carson Consultants LLC as Administrator.

9. The Settlement Agreement proposes notice to the Settlement Class by mail using a "Mail Notice." The Settlement Agreement proposes that the Administrator shall perform reverse look-ups for any "Mail Notices" returned as undeliverable or for any phone numbers for which Defendant lacks a mailing address. The "Mail Notice" is a double-sided postcard that includes the Claim Form with prepaid postage. The "Mail Notice" postcard contains limited information about the Settlement, and it contains a link to the Settlement Website which contains a document with greater detail about the Settlement Agreement (the "Long Form Notice"). The Court **disapproves** of providing notice to the Settlement Class using the "Mail Notice," as it contains insufficient information to inform Settlement Class Members of their rights under the Settlement.[1] The Court **approves** of the

---

[1] To satisfy Rule 23's notice requirements, "[n]ot only must the substantive claims be adequately described but the notice must

Parties providing notice to the Settlement Class by mail using the "Long Form Notice." The Parties' proposed notice is thus adopted to the extent the Parties provide notice by mail using the "Long Form Notice," as modified below.

10. The Court orders that the Parties provide notice to the Settlement Class using the "Long Form Notice" on or before May 6, 2020. The Court further orders the Parties to incorporate the following into such Notice:

    a. Requests by any Settlement Class Member to opt out of the Settlement must be postmarked and submitted to the Administrator (with a copy to Defendant's counsel) on or before June 31, 2020, or be forever barred. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Administrator and Defendant's counsel that includes: his or her full name, address, and telephone number; the case name, Banks v. Fuccillo Affiliates of Florida, Inc.; the telephone number at which the Settlement Class Member received a

---

also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action." Twigg v. Sears, Roebuck & Co., 153 F.3d 1222, 1227 (11th Cir. 1998)(citation and quotation omitted). The Mail Notice does not provide this necessary information, but instead directs potential Class Members to obtain such information from the Settlement Website or to request that information from the Administrator. The Court finds this indirect method of providing notice insufficient to satisfy Rule 23.

prerecorded message from Defendant; a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement; and the personal signature of the Settlement Class Member submitting the request or the signature of that member's duly-authorized attorney. A request to be excluded that does not include all of the foregoing information, or that is not sent to the addresses designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any person serving an invalid request shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

b. Objections to the Settlement shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before June 31, 2020, or be forever barred.[2] Any member of the Settlement Class who intends to

---

[2] The Court **deletes** the Long Form Notice's required inclusion of the following:

"If you wish to object, you must file your objection with the Court (using the Court's electronic filing

object to the Settlement Agreement must send to the Court, Class Counsel, and Defendant's counsel a written statement that includes: his or her full name, address, and telephone number; the case name, <u>Banks v. Fuccillo Affiliates of Florida, Inc.</u>; the cell phone number at which the Settlement Class Member received prerecorded messages from Defendant; all grounds in detail for the objection[3]; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel.[4] Any member of the Settlement Class who

---

system or in any manner in which the Court accepts filings) and mail your objection to each of the following three (3) addresses, and your objection must be postmarked by XXXXXXXXX. You must also file and serve a Notice of Intent to Appear at the below addresses postmarked by XXXXXXXXX that includes (a) the case name and number; (b) the your full name, address, telephone number, and signature, and, if represented by counsel, their contact information; (c) the telephone number at which you received a prerecorded message from Defendant and (d) copies of any papers, exhibits, or other evidence that you will present to the Court in connection with the Final Approval Hearing."

[3] The Court **deletes** the Long Form Notice's required inclusion of "under penalty of perjury."

[4] The Court **deletes** the Long Form Notice's required inclusion of "and if with counsel, the name of your counsel who will attend." The Court also **deletes** the Long Form Notice's required inclusion of the following:

"The number of times in which you and your counsel and counsel's law firm (if you have counsel) have objected

fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice shall not be permitted to object to the Settlement Agreement at the Final Approval Hearing.

11. The Final Approval Hearing is hereby scheduled for July 31, 2020 at 10:00 A.M. in Fort Myers Courtroom 6A.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of March, 2020.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you and counsel and your counsel's law firm has made such objection, and a copy of any orders related to or ruling upon your or your counsel's and your counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case."